# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| CHRISTOPHER CLARK, MAAYAN KESHET, PETER BUCKINGHAM, STANISLAV KLUGMAN, and BADRUZ JAMAN, individually and on behalf of others similarly situated, | Case No. _____ |
| Plaintiffs, | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| PAYWARD, INC. d/b/a KRAKEN, a Delaware corporation, | |
| Defendant. | |

Plaintiffs CHRISTOPHER CLARK, MAAYAN KESHET, PETER BUCKINGHAM, STANISLAV KLUGMAN, and BADRUZ JAMAN ("Plaintiffs") bring this Class Action Complaint on behalf of themselves and on behalf of the proposed class defined herein against PAYWARD, INC. d/b/a KRAKEN, a Delaware corporation ("Defendant" or "KRAKEN") and allege as follows:

## INTRODUCTION

1.      This class action seeks redress for the unauthorized and unlawful conduct of KRAKEN, a cryptocurrency exchange based in San Francisco, California, for unconscionably freezing and liquidating the Ether holdings of Plaintiffs and the Class in the midst of an event that exposed fatal flaws in KRAKEN's business operations and overwhelmed self-designed computer software that KRAKEN touts as being the best, most reliable, and most secure in the world.

2.      On the afternoon of May 7, 2017, from approximately 3:30 p.m. PST until approximately 4:30 p.m. PST, KRAKEN allegedly experienced a Distributed Denial of Service (DDoS) attack and a simultaneous alleged "flash crash" -- one or both of which caused the price at which KRAKEN valued Ether (one of the most widely-traded and popular cryptocurrencies in circulation) to dramatically plummet by more than seventy percent (70%), only to see that value almost fully restored to its previous position after the one-hour business interruption.

3.      KRAKEN has publicly stated that it has investigated the incident and concluded that there was no evidence of a coordinated attack or Ether market manipulation.  KRAKEN claims that the timing of the DDoS and the "flash crash" are a mere coincidence.

4.      However, between the moment when KRAKEN perceived the non-existent Ether market crash and when the market was "restored," KRAKEN locked all of its users out of their accounts, thus denying the users of the ability to manage their positions.

5.      Moreover, while KRAKEN customers were locked out of their accounts, KRAKEN liquidated the Ether holdings of customers who held Ether in their margin accounts, including Plaintiffs and the Class.

6.      In an instant, KRAKEN wiped out all or most of Plaintiffs' and the Class' accounts -- burdening them with the costs of the phantom Ether crash without allowing Plaintiffs and the Class to manage their accounts or benefit from KRAKEN's restoration of Ether to its proper value less than sixty minutes later.

7.      KRAKEN should not have prematurely destroyed Plaintiffs' and the Class' investments.

SILVER LAW GROUP
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 755-4799 · Facsimile (954) 755-4684
www.silverlaw.com

8.      KRAKEN's conduct has caused Plaintiffs and the Class to suffer damages in excess of Five Million Dollars ($5,000,000.00).

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 47 U.S.C. §227.

10.     This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds Five Million Dollars ($5,000,000.00), exclusive of interest and costs.

11.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendant does substantial business within this District, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this District.

## PARTIES

12.     Plaintiff CHRISTOPHER CLARK is a natural person, is a citizen of the State of Florida, and is a resident of Manatee County, Florida.

13.     Plaintiff MAAYAN KESHET is a natural person, is a citizen of Israel, and is a resident of Israel.

14.     Plaintiff PETER BUCKINGHAM is a natural person, is a citizen of The United Kingdom, and is a resident of The United Kingdom.

15.     Plaintiff STANISLAV KLUGMAN is a natural person, is a citizen of Israel, and is a resident of Canada.

SILVER LAW GROUP
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 755-4799 · Facsimile (954) 755-4684
www.silverlaw.com

16.     Plaintiff BADRUZ JAMAN is a natural person, is a citizen of The United Kingdom, and is a resident of The United Kingdom.

17.     Defendant KRAKEN is a Delaware corporation with its principal place of business in San Francisco, California.

## GENERAL ALLEGATIONS

18.     Ether ("ETH") is a virtual currency that may be traded on online exchanges for conventional currencies, including the U.S. Dollar, Euros, and the Japanese Yen, or used to purchase goods and services online.  Ether has no single administrator or central authority or repository.

19.     KRAKEN is the self-touted "*largest Bitcoin exchange in euro volume and liquidity and also trading Canadian dollars, U.S. dollars, British, pounds and Japanese yen*." KRAKEN further promotes itself as "*consistently [being] rated the best and most secure Bitcoin exchange by independent news media.*"

### THE MAY 7, 2017 FALSELY-PERCEIVED CRASH AND AUTOMATIC LIQUIDATION

20.     On May 7, 2017, there was, upon information and belief, a coordinated attack and/or market manipulation which effectively caused a momentary perceived yet precipitous drop in the price of Ether on the KRAKEN exchange.

21.     Upon further information and belief, KRAKEN's actions and omissions compounded either an external attempt to hack into KRAKEN's databases or an internal software malfunction, which precipitated a heavy DDoS, slowing and effectively stopping KRAKEN's computer systems from working as they should.

**SILVER LAW GROUP**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 755-4799 · Facsimile (954) 755-4684
www.silverlaw.com

22.     Regardless of the actual cause, KRAKEN's actions and omissions in response to the events of that afternoon left KRAKEN users unable to log into the website to manage their accounts.

23.     Additionally, while KRAKEN's DDoS was in effect and users could not log in, KRAKEN users who held Ether in their accounts on margin were forced into liquidating those positions at KRAKEN's discretion.

24.     The DDoS broadly reduced availability of services at KRAKEN, which also inhibited new orders from being placed -- orders that, upon information and belief, would have injected new capital to absorb the liquidations and/or entirely prevent the forced liquidation of KRAKEN margin accounts.

25.     To protect its users, KRAKEN had the ability to suspend trading; however, it chose not to do so.

26.     One hour after it began, KRAKEN announced that the DDoS had been thwarted and reported that the functionality of its website and application program interface (API) were back to normal.

27.     Additionally, following the removal of the DDoS, KRAKEN restored to their proper worldwide value all Ether holdings of its customers -- except for the customers, including Plaintiffs and the Class, who had held Ether on margin; their accounts remained liquidated.

SILVER LAW GROUP
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 755-4799 · Facsimile (954) 755-4684
www.silverlaw.com

### PLAINTIFFS' KRAKEN ACCOUNTS AND THE FORCED LIQUIDATIONS THEY SUFFERED

28.     On the afternoon of May 7, 2017 -- at the moment before KRAKEN falsely perceived a crash of the Ether market -- Plaintiff CHRISTOPHER CLARK held numerous Ether in his KRAKEN margin account.

29.     While the customer lockout was in effect, KRAKEN liquidated Plaintiff CLARK's margin account, selling 18 of his Ether.

30.     The 18 Ether forcibly liquidated by KRAKEN had a value on May 7, 2017 of approximately $1,733.76.

31.     The 18 Ether forcibly liquidated by KRAKEN have a present-day value of approximately $5,311.08.

32.     Plaintiffs MAAYAN KESHET, PETER BUCKINGHAM, STANISLAV KLUGMAN, and BADRUZ JAMAN suffered damages under the same set of facts, with the only difference being the amounts of the respective Ether holdings and resulting damages, as follows:

| Name | Amount of Ether Forcibly Liquidated by Kraken on May 7, 2017 | Estimated Damages as of May 7, 2017 [Price of ETH: $96.32] | Estimated Damages as of June 30, 2017 [Price of ETH: $295.06] |
|---|---|---|---|
| Maayan Keshet | 970 | $93,430.40 | $286,208.20 |
| Peter Buckingham | 850.928 | $81,961.38 | $251,074.82 |
| Stanisiav Klugman | 801.52 | $77,202.41 | $236,496.49 |
| Badruz Jaman | 773.63869 | $74,516.88 | $228,269.83 |

These damages do not include the liquidation of other cryptocurrencies or cash holdings. These damages are an approximation and do not include the margin value of each account holder.

SILVER LAW GROUP
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 755-4799 · Facsimile (954) 755-4684
www.silverlaw.com

33.    Additional, similarly-situated members of the Class also suffered damages under the same set of facts, with the only difference being the individualized amounts of the respective Ether holdings and resulting damages they suffered.

### KRAKEN'S WRONGFUL, AVOIDABLE ACTS

34.    Had KRAKEN's exchange been functioning properly, the market manipulation and coordinated "flash crash" and DDoS attack would not have affected the price of Ether in Plaintiffs' and the Class' margin accounts and would not have dropped the price of Ether to the depth to which KRAKEN perceived that it reached; and KRAKEN would not have implemented an automated liquidation of the user accounts holding Ether on margin.

35.    Furthermore, had KRAKEN's exchange been functioning properly and KRAKEN prevented the DDoS, arbitragers would have leaped on the precipitous drop in the price of Ether (had the dramatic drop really occurred as KRAKEN believed it to have occurred) by placing buy orders and purchasing mass quantities of Ether; and the gap would have been closed very quickly -- thus further preventing any perceived need for KRAKEN to liquidate its customers' margin accounts.

36.    In essence, all KRAKEN customers trading Ether on margin had their accounts forcibly liquidated; and their assets were sold off at an absurdly low price not tethered to the actual price of Ether recognized by all other major cryptocurrency exchanges at that time.

37.    Plaintiffs and the Class have duly performed all of their duties and obligations, and any conditions precedent to Plaintiffs bringing this action have occurred, have been performed, or else have been excused or waived.

## CLASS ACTION ALLEGATIONS

38.     Plaintiffs bring this suit as class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all members of the following class:

> All KRAKEN account owners who: (1) deposited Ether at KRAKEN, (2) had such cryptocurrency on margin in their KRAKEN account, and (3) on May 7, 2017 had their margin accounts frozen and liquidated by KRAKEN.

39.     Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) KRAKEN's subsidiaries, parents, successors, predecessors, and any entity in which KRAKEN has a controlling interest, and its current or former employees, officers, and directors; and (3) legal representatives, successors, or assigns of any such excluded persons.

40.     The Class meets all of the criteria required by Federal Civil Rule 23(a).

### NUMEROSITY

41.     The Class members are so numerous that joinder of all members is impracticable.  Though the exact number and identities of Class members are unknown at this time, the number and identities of Class members are reported to be several hundred, if not thousands, of persons in the United States and worldwide.  The identities of Class members are ascertainable through Defendant's records, Class members' records, publication notice, self-identification, and other means.

### COMMONALITY

42.     Common questions of law and fact exist as to all Class members.  These common questions of law or fact predominate over any questions affecting only individual members of the Class.  Common questions include, but are not limited to, the following:

SILVER LAW GROUP
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 755-4799 · Facsimile (954) 755-4684
www.silverlaw.com

(a)     Whether Defendant violated its duty to Plaintiffs and the Class by freezing and liquidating their Ether holdings in their KRAKEN margin accounts;

(b)     Whether Defendant failed to employ reasonable and adequate margin, liquidation, data, and security measures in compliance with applicable state and federal regulations, along with their duties at common law;

(c)     How the freezing and liquidation occurred;

(d)     Whether Plaintiffs and Class members are entitled to restitution, damages, compensation, or other monetary relief; and

(e)     Whether Plaintiffs and Class members are entitled to injunctive and declaratory relief necessary to secure their KRAKEN accounts from further intrusion and unauthorized liquidation and trading by KRAKEN.

43.     Common sources of evidence may also be used to demonstrate KRAKEN's unlawful conduct on a class-wide basis, including, but not limited to documents and testimony about its margin, liquidation, data, and security measures (or lack thereof); testing and other methods that can prove KRAKEN's margin, data, and security systems have been or remain inadequate; documents and testimony about the source, cause, and extent of KRAKEN's unauthorized account liquidation; and documents and testimony about any remedial efforts undertaken as a result of the unauthorized account liquidation.

## TYPICALITY

44.     Plaintiffs' claims are typical of the claims of the respective Class they seek to represent, in that the named Plaintiffs and all members of the proposed Class have suffered similar injuries as a result of the same practices alleged herein.  Plaintiffs have no interests adverse to the interests of the other members of the Class.

SILVER LAW GROUP
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 755-4799 · Facsimile (954) 755-4684
www.silverlaw.com

<u>**ADEQUACY**</u>

45.     Plaintiffs will fairly and adequately protect the interests of the Class and have retained attorneys well-experienced in class actions and complex litigation as their counsel, including cases alleging consumer protection claims arising from cryptocurrency exchange breaches.

46.     The Class also satisfies the criteria for certification under Federal Civil Rule 23(b) and 23(c).  Among other things, Plaintiffs aver that the prosecution of separate actions by the individual members of the proposed classes would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant; that the prosecution of separate actions by individual class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; that Defendant has acted or refused to act on grounds that apply generally to the proposed classes, thereby making final injunctive relief or declaratory relief described herein appropriate with respect to the proposed classes as a whole; that questions of law or fact common to the Class predominate over any questions affecting only individual members and that class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy which is the subject of this action. Plaintiffs also aver that certification of one or more subclasses or issues may be appropriate for certification under Federal Civil Rule 23(c).  Plaintiffs further state that the interests of judicial economy will be served by concentrating litigation concerning these claims in this Court, and that the management of the Class will not be difficult.

**SILVER LAW GROUP**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 755-4799 · Facsimile (954) 755-4684
www.silverlaw.com

47.     Plaintiffs and other members of the Class have suffered injury, harm, and damages as a result of Defendant's unlawful and wrongful conduct.  Absent a class action, the members of the Class will not be able to effectively litigate these claims and will suffer further harm and losses, as Defendant will be allowed to continue such conduct with impunity and benefit from its unlawful conduct.

## CLASS CLAIMS FOR RELIEF

## COUNT I – NEGLIGENCE

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 47 above, and further allege:

48.     KRAKEN owed its customers, including Plaintiffs and the Class, a duty to use reasonable care in acting as a depository of customer assets.

49.     KRAKEN breached that duty by failing to maintain adequate measures for margin, liquidation, data, and security of Plaintiffs' and the Class' accounts and the assets therein.

50.     As a direct and proximate cause of KRAKEN's conduct, Plaintiffs and the Class have been damaged.

## COUNT II - BREACH OF CONTRACT

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 47 above, and further allege:

51.     Plaintiffs and the Class entered into written contracts with Defendant.

52.     Plaintiffs and the Class performed their contractual duties by paying Defendant for its services.

SILVER LAW GROUP
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 755-4799 · Facsimile (954) 755-4684
www.silverlaw.com

53.     Defendant breached its contractual duties by failing to maintain adequate measures, rules, policies, and procedures for margin, liquidation, data, and security of Plaintiffs' and the Class' accounts and the assets therein and by improperly freezing and liquidating the Ether holdings of Plaintiffs and the Class.

54.     As a result of these breaches, Plaintiffs and the Class suffered damages.

### **COUNT III - UNJUST ENRICHMENT**

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 47 above, and further allege:

55.     Plaintiffs conferred a direct benefit upon Defendant by compensating it for providing a purportedly secure cryptocurrency trading platform on which Plaintiffs could trade legal tender for digital assets and vice versa and to trade one type of digital asset for another type of digital asset.

56.     Defendant had knowledge of the benefit Plaintiffs and the Class conferred upon it and retained such benefit.

57.     The circumstances under which Plaintiffs and the Class conferred, and Defendant accepted, such benefit render Defendant's retention of the benefits inequitable.

58.     Equity requires that Defendant return to Plaintiffs and the Class the benefits conferred upon it by Plaintiffs and the Class.

59.     This Count for Unjust Enrichment is plead in the alternative to Plaintiffs' Count for Breach of Contract.

**SILVER LAW GROUP**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 755-4799 · Facsimile (954) 755-4684
www.silverlaw.com

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiffs on their own and behalf of all others similarly situated, prays for entry of an award providing relief as follows:

A.      An Order certifying this case as a class action pursuant to Federal Civil Rule 23, appointing Plaintiffs as Class Representatives of their respective Classes, and the undersigned as Class Counsel;

B.      Entry of an award of monetary, punitive and actual damages and/or restitution, as appropriate;

C.      Declaratory and injunctive relief as permitted by law or equity;

D.      Prejudgment interest to the extent allowed by the law;

E.      Awarding all costs, expenses, experts' fees, and attorneys' fees incurred in prosecuting this action; and

F.      Such other and further relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Plaintiffs request a trial by jury on behalf of themselves and the Class.

**SILVER LAW GROUP**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

DATED:   July 3, 2017_____.

Respectfully submitted,

**SILVER LAW GROUP**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:  (954) 755-4799
Facsimile:   (954) 755-4684

_____
DAVID C. SILVER
Florida Bar No. 572764
E-mail:  DSilver@silverlaw.com
JASON S. MILLER
Florida Bar No. 072206
E-mail:  JMiller@silverlaw.com

  - and -

**WITES & KAPETAN, P.A.**
4400 N. Federal Highway
Lighthouse Point, Florida 33064
Telephone:  (954) 570-8989
Facsimile:   (954) 354-0205
MARC A. WITES
Florida Bar No. 024783
E-mail: mwites@wklawyers.com

*Counsel for Plaintiffs and the Class*